

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-82,572-01

### EX PARTE CHAMEL NICOLE ANDERSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F09-56401-U IN THE 291ST DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant originally pleaded guilty in exchange for five years' deferred adjudication community supervision. Her guilt was later adjudicated, and she was sentenced to ten years' imprisonment. The Fifth Court of Appeals affirmed her conviction. *Anderson v. State*, No. 05-12-01341-CR (Tex. App. — Dallas, December 2, 2013, no pet.).

On January 14, 2015, this Court remanded the case to the trial court to obtain affidavits and findings addressing Applicant's claims that she received ineffective assistance of counsel both at her

original plea, and at adjudication of guilt. On December 7 and December 30, 2015, this Court received supplemental records from Dallas County after remand. The supplemental records contain an affidavit from Applicant's trial counsel, which although somewhat general, is sufficient to address Applicant's claims of ineffective assistance of counsel at her initial plea. The findings of fact and conclusions of law afer remand, which were signed by the trial court on December 17, 2015, refer to an affidavit from adjudication counsel and to the record of the plea and adjudication proceedings, none of which are contained in the supplemental record. Because the supplemental record is inadequate to address the claims for which this Court remanded the case, and because the trial court's findings of fact and conclusions of law after remand are not entirely supported by the record, it is necessary to remand the case to the trial court again.

Applicant has alleged facts that, if true, might entitle to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the habeas record to be supplemented with transcripts of the plea and adjudication proceedings. If adjudication counsel did in fact provide an affidavit responding specifically to Applicant's allegations, the trial court shall supplement the habeas record with a copy of that affidavit.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 30 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 45 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: January 13, 2016
Do not publish